**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHEILA BILYEU,

      Plaintiff-Appellant,

v.

THE DAILY OKLAHOMAN; NOLAN
CLAY,

      Defendants-Appellees.

No.  05-6010
(D.C. No. 04-CV-1428-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**  *

Before  **KELLY** , **McKAY** , and **McCONNELL** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se plaintiff Sheila Bilyeu was the Independent Party candidate for Oklahoma's United States Senate seat in 2004. As such, she was the subject of a September 6, 2004, newspaper article written by Nolan Clay and published by *The Daily Oklahoman* ("defendants").[1] Dissatisfied with the article and a photograph "that made her look weird," Ms. Bileyu sued defendants in state court "for discrimination and conspiracy to ruin her life and her candidacy for the U.S. Senate," Aplee. App. Doc. 2 at 2 (complaint).

Defendants removed the case to federal court and filed a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). The district court granted defendants' Fed. R. Civ. P. 12(b)(6) motion and dismissed the case with prejudice. This appeal followed.

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Because Ms. Bilyeu is representing herself, we construe her pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] "[I]n the interest of judicial economy," *The Oklahoman* has accepted service in the name of *The Daily Oklahoman*, despite defendants' contention that *The Daily Oklahoman* is not a proper party to this suit. Aplee. Br. at 1 n.1.

On appeal, Ms. Bilyeu contends that the district court judge should have recused himself because he has twice previously ruled against her. But "'adverse rulings cannot in themselves form the appropriate grounds for disqualification.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)). We therefore hold that, on the facts of this case, the district court judge was not required to recuse himself.

We likewise reject Ms. Bilyeu's assertion that the district court erred by granting defendants' 12(b)(6) motion. Having carefully reviewed the briefs, the record, and applicable law, we agree with the district court that Ms. Bilyeu's complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

Andrew S. Bestor's motion for leave of the court to file an amicus curiae brief is DENIED. Ms. Bilyeu's motion to find appellees "out of time" is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge